UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAPITALPLUS CONSTRUCTION SERVICES, LLC, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | No. 3:19-CV-471-DCLC-HBG |
| BLUCOR CONTRACTING, INC., | ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | |

| | | |
|---|---|---|
| BLUCOR CONTRACTING, INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| STODGHILL & SONS MINING, LLC, | ) ) | |
| Third-Party Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 88] by the District Judge.

Now before the Court is Blucor Contracting, Inc.'s Notice of Filing Affidavits and Motion for Entry of Monetary Judgment Against Stodghill & Sons Mining, LLC ("Motion for Entry") [Doc. 77] and Notice of Filing Supplemental Affidavits Related to Blucor's Motion for Entry of Monetary Judgment Against Stodghill & Sons Mining, LLC ("Supplemental Notice") [Doc. 136]. The parties appeared before the Court on August 11, 2021, for an evidentiary hearing on damages. Attorney James Parker appeared on behalf of Blucor Contracting, Inc. No attorney appeared on

1

behalf of Stodghill & Sons Mining, LLC. David Stodghill attended the evidentiary hearing via telephone. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that Blucor's Motion for Entry [**Doc. 77**] be **GRANTED IN PART AND DENIED IN PART** and that judgment in the total amount of $1,596,466.71 be awarded to Blucor Contracting, Inc.

I.    BACKGROUND

On December 10, 2019, Blucor Contracting, Inc. ("Blucor") filed a Third-Party Complaint, alleging breach of contract, fraudulent inducement, negligent misrepresentation, and civil conspiracy, against Stodghill & Sons Mining, LLC ("Stodghill"). On December 21, 2020, the District Judge entered a default judgment against Stodghill and instructed Blucor to provide proof of its damages based on the entry of default judgment. [Doc. 14].

On January 13, 2021, Blucor filed its Motion for Entry [Doc. 77], requesting damages in the amount of $1,333,058.5, plus pre and post judgment interest and punitive damages. Blucor also requested that the Court reserve ruling on Stodghill's additional indemnification obligations until the litigation between CapitalPlus Construction Services, LLC ("CapitalPlus") and Blucor concluded. The undersigned held Blucor's request for damages in abeyance pending adjudication of the claims between CapitalPlus and Blucor. On April 30, 2021, the District Judge found that CapitalPlus was entitled to judgment in the amount of $200,073.69 against Blucor. Subsequently, the undersigned entered an Order, setting a hearing on Blucor's damages request for June 30, 2021. [Doc. 133].

On June 30, 2021, Attorney James Parker appeared on behalf of Blucor. David Stodghill appeared via telephone. During the hearing, David Stodghill requested time to retain counsel in this matter on behalf of Stodghill. Blucor responded that it did not oppose a reasonable extension of time. The Court granted David Stodghill's oral request and entered an Order setting an in-

2

person evidentiary hearing for August 11, 2021, on Blucor's request for damages. The Court admonished Stodghill that no further continuances of the hearing would be granted absent extraordinary circumstances. The Court further noted that, in the event Stodghill retained counsel, said counsel was required to file a notice of appearance immediately.

On August 11, 2021, Attorney Parker appeared on behalf of Blucor. No attorney appeared on behalf of Stodghill. David Stodghill, however, called into the court room and requested an emergency extension because he had retained a Knoxville attorney, Kevin Stevens, the previous afternoon. The Court contacted Kevin Stevens's office, but he had never heard of David Stodghill. Thus, the Court proceeded with the evidentiary hearing.[1]

## II. ANALYSIS

Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that Blucor's Motion for Entry [**Doc. 77**] be **GRANTED IN PART AND DENIED IN PART** and that judgment be entered in favor of Blucor for a total amount of $1,596,466.71.

As an initial matter, the District Judge has already entered a default judgment against Stodghill, and therefore, the only issue before the undersigned is the amount of damages Blucor is entitled. During the evidentiary hearing, Blucor explained that it seeks six categories of damages as follows: (1) replacement costs, (2) delay damages, (3) indemnity for attorney's fees, (4) indemnity for the judgment CapitalPlus received against Blucor, (5) increased direct costs, and (6) costs for markups.[2] The Court will address these categories separately.

---

[1] As of the date of the instant Report and Recommendation, no attorney has entered an appearance on behalf of Stodghill.

[2] Blucor's filings also request punitive damages against Stodghill, but Blucor did not request such damages at the August 11 evidentiary hearing. Thus, it appears that Blucor has abandoned its request for punitive damages. In any event, however, the Court finds punitive damages not warranted in this case. The Court has also not recommended an award of prejudgment

3

With respect to replacement costs, Blucor was forced to terminate Stodghill as the subcontractor on the project and that as a result, it incurred replacement costs. At the hearing, Blucor explained that the total cost was supposed to be $685,119.72, but given Stodghill's failure to perform, Blucor paid $869,805.64 in costs. Thus, Blucor requests $184,685.92 in replacement costs. In support of its position, Blucor submitted the Affidavit of Dustin Bluth ("Bluth"), its Vice President, who explains that Blucor incurred $184,685.92 above and beyond the price that Blucor would have been obligated to pay Stodghill. [Doc. 77-1 at ¶ 19]. *See* Ariz. Rev. Stat. Ann. § 47-2712 ("The buyer may recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as hereinafter defined (§ 47-2715), but less expenses saved in consequence of the seller's breach.").[3] Accordingly, given the unrebutted evidence provided by Bluth, the Court finds Blucor is entitled to $184,685.92 for replacement costs.

With respect to the second category, Blucor explained at the hearing that the subcontract provided for delay damages of $1,000 per day. Specifically, the Court has reviewed the subcontract, which contains the following provision:

> If the Subcontractor shall neglect, fail or refuse to complete the work within the time specified, or any proper extension granted by the Owner and/or Agent, then the Subcontractor shall as apart consideration for the award of this Contact, pay to the Contractor the sum of $1,000.00 per calendar day, not as a penalty, but as

---

interest, which Blucor requests in its filings. As further explained below, Blucor states Arizona law applies in this case. In Arizona, a party is entitled to prejudgment interest as a matter of law if the amount of damages are capable of exact determination both in time and amount. *Mitcham v. First State Bank of Crossett, Arkansas*, 970 S.W.2d 267, 269 (1998). Blucor did not explain in its filings whether all of its damages were capable of exact determination both in time and amount and did not raise or argue this issue at the evidentiary hearing

[3] As Blucor submits in its filings, Arizona law applies because the parties entered into the subcontract in Arizona, the parties are two Arizona entities, and the subcontract called for performance in Arizona.

4

Case 3:19-cv-00471-DCLC-HBG   Document 143   Filed 11/10/21   Page 4 of 10
PageID #: 1802

> liquidated damages for such breach of contract, for each and every
> calendar day at that the Subcontractor shall fail to complete the work
> in a timely manner.

[Doc. 14-1 at 2]. As explained in Bluth's Affidavit, completion was delayed by 206 days beyond the contract date. *See* [Doc. 77-1 at ¶¶ 12, 16, 24]. Accordingly, Blucor is entitled to $206,000 in liquidated damages pursuant to the terms of the subcontract.

Next, Blucor requests indemnity based on the attorney's fee provision in the subcontract. During the hearing, Blucor explained that the total amount for its attorney's fees and expenses is $202,027.49. Specifically, the subcontract states as follows:

> Indemnification—Subcontractor hereby agrees to indemnity and hold Contractor and Owner harmless from any and all liability, claims, suits, damage, loss, judgment or expense, including attorney's fees which may be incurred by Contractor or owner by reasons of Subcontractor's performance of this work.

[Doc. 14-1 at 1].

In support of its request for attorney's fees, Blucor submitted the Supplemental Affidavit of James Parker [Doc. 136-1] and the Supplemental Affidavit of Guy Bluff [Doc. 136-2], Blucor's counsel of record. In Attorney Parker's Supplemental Affidavit, he explains that Blucor retained Hodges, Doughty & Carson, PLLC to represent it in this case in exchange for compensation at the rates of $275 per hour for partners and $225 per hour for associates. [Doc. 136-1 at ¶ 3]. In addition, Hodges, Doughty, & Carson, PLLC utilized paralegals and law clerks, who billed $75 per hour in this case. [*Id.* at ¶10]. Attorney Parker's Supplemental Affidavit explains the total hours spent litigating this case, approximately 638.1, and states that the total amount due to Hodges, Doughty & Carson, PLLC is $141,912.00, which includes expenses incurred for court costs and court reporter fees for depositions. [*Id.* at ¶ 13-14].

5

Further, Guy Bluff's Supplemental Affidavit states that Bluff & Associates has a written fee agreement with Blucor under which Attorney Bluff billed at $300 per hour, $235 per hour for Bruce Smidt, and $80 and $95 per hour for paralegals. [Doc. 136-2 at ¶ 2]. Bluff states that the total number of hours spent litigating this is case is approximately 280.0 hours. [*Id*. at ¶¶ 10, 12]. In addition, Bluff & Associates advanced certain expenses, including service of process, research fees, and various travel and trial related expenses, which Blucor paid. [*Id.* at ¶ 11]. Bluff states that the total for attorney's fees and litigation expenses due to his firm is $60,115.49. [*Id*. at ¶ 13].

The Court is familiar with the hourly billing rates in this District and finds that the above rates are more than reasonable. *Penn. Higher Educ. Assistance Agency v. Coffey*, No. 1:12-cv-217, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga).[4] Further, the Court finds that the number of hours billed is reasonable considering the healthy motion practice in this case, the claims litigated, and the fact that Blucor and CapitalPlus tried this matter. The Court further finds that the attorneys' reputations and skills, as explained in the affidavits, support the above hourly rates. Finally, Blucor has been invoiced the above charges and has already paid most of the attorney's fees and expenses.

---

[4] Rule 1.5(a) of Tennessee's Rules of Professional Conduct provides a list of ten factors to aid in the determination of the reasonableness of an attorney's fee. The ten factors enumerated in Rule 1.5(a) are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent; (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and (10) whether the fee agreement is in writing." Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)–(10). These factors "are not exclusive and each factor may not be relevant in every case." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 177 n.17 (Tenn. 2011).

Accordingly, the unrebutted evidence establishes that Blucor is entitled to its attorney's fees and expenses incurred in this matter in the total amount of $202,027.49.

The fourth category of expenses is the indemnity provision relating to CapitalPlus's Judgment against Blucor. During the hearing, Blucor stated that the District Judge found in favor of CapitalPlus in the amount of $200,073.69. *See* [Doc. 131]. Blucor announced, however, that it negotiated with CapitalPlus and only paid $184,155.58 in satisfaction of the Judgment. Here, based on the same provision as above, the Court finds that Blucor is entitled to $184,155.58 for the amount it paid to CapitalPlus to satisfy the Judgment.

With respect to the fifth category of damages, Blucor requests its increased costs (which are not part of the replacement costs discussed above) because of Stodghill's failure to sufficiently perform under the subcontract. For instance, during the hearing, Blucor explained that certain equipment and manpower sat idle while Blucor waited on material from Stodghill. In Bluth's Affidavit, he explains as follows:

> 20. As a consequence of [Stodghill's] failure to perform, Blucor incurred additional costs in the form of idle equipment and labor at the Project awaiting delivery of rock by [Stodghill].
>
> 21. [Stodghill] contracted to deliver an average rate of 2,500 tons per week, but the effective rate at which Blucor received Rock between the first day of delivery, March 18, 2019, and the date on which [Stodghill's] scope of work was completed, February 7, 2019, averaged only 865.36 tons per weeks. As a result, Blucor received Rock at a rate of only 34.61% of what Stodghill contracted, resulting in a 65.39% increase to Blucor's related equipment and labor costs for the project.

[Doc. 77-1 at ¶¶ 20-21]. Blucor outlines the costs for each piece of equipment (e.g., wheel loader, excavator, and so forth) and the labor costs (e.g., foreman, loader operator, and so forth). [*Id*. at ¶ 21]. In addition, Bluth states that such costs were incurred by Blucor. [*Id.*]. *See also* Ariz. Rev. Stat. Ann. § 47-2712 ("The buyer may recover from the seller as damages the difference between

7

the cost of cover and the contact price together with any incidental or consequential damages as hereinafter defined (§ 47-2715), but less expenses saved in consequence of the seller's breach.")

Accordingly, given that the above damages were incurred by Blucor as a result of Stodghill's insufficient performance under the subcontract, and in light of the unrebutted evidence, the Court finds that Blucor is entitled to its direct costs (which are not part of its replacement costs) in the total amount of $645,565.49.

Finally, the sixth category of damages is the costs for mark-ups pursuant to the Maricopa Association of Governments ("MAG") standards. Blucor explains that such costs cover Blucor's consequential administrative expenses, increased bonding costs, and increased sales tax costs, which result in a total amount of $187,041.03. Specifically, in Bluth's Affidavit, he explains as follows:

> 22. Under the Maricopa Association of Governments (MAG) standards applicable to the Project, Blucor is additionally entitled to recover from [Stodghill] as consequential damages the following specified mark ups on cover costs (material and trucking) and increased labor costs:
>
> a.  10% industry-standard MAG mark up on supplemental/replacement material costs pursuant to MAG 109.5.2 (2018): $33,044.31 (i.e., 10% of $330,443.14), resulting in a total additional material cost of $363,487.45.
>
> b.  10% industry-standard MAG mark up on supplemental/replacement trucking subcontractor costs pursuant to MAG 109.5.4.1(A) for the first $10,000.00 in costs, $1,000.00, plus 5% industry-standard MAG mark up on supplemental/replacement trucking subcontractor costs pursuant to MAG 109.5.4.1(B) for everything after the first $10,000.00 $24,137.42 (i.e., 5% of $241,374.23), resulting in a total additional trucking cost of $276,511.65.
>
> c.  15% industry-standard MAG mark up on increased labor costs pursuant to MAG 109.5.3(b) for the first $50,000.00 in costs, $7,500.00, plus 12% industry-standard MAG mark upon on increased labor costs pursuant to MAG 109.5.3(C)

8

> for the second $50,000.00 in costs, $6,000.00, plus 10% industry-standard MAG mark up on increased labor costs pursuant to MAG 109.5.3(D) for all costs above the prior $100,000.00 in costs, $13,144.51 (i.e., 10% of $131,445.08), resulting in a total increased labor damages of $258,089.59.

[Doc. 77-1 at ¶ 22]. Bluth concludes that the subtotal from paragraphs 19 to 22 is $1,312,209.10. [*Id.* at ¶ 23]. Bluth continues that Blucor is entitled under MAG 109.5.6 to recover an additional 2% on the above subtotal (*i.e.*, 2% of $1,312,209.10 or $26,244.18) for maintenance of a surety bond and insurance, and another 5.676% of the revised subtotal (*i.e.*, 5.676% of $1,338,453.28 or $75,970.61) to cover relevant Arizona (Maricopa County) sales tax and obligations.

The Court agrees that Blucor is entitled to the sixth category of damages based on the unrebutted evidence; however, there appears to be a minor mathematical miscalculation. Specifically, in paragraph 22(b), Bluth states that 5% of $241,374.23 is $24,137.42, but that is incorrect. Instead, 5% of $241,374.23 is $12,068.71. Accordingly, given the minor miscalculation, the Court finds Blucor is entitled to $174,032.23 for its sixth category of damages.[5]

## III. CONCLUSION

Accordingly, the Court **RECOMMENDS**[6] that the Motion for Entry of Monetary Judgment Against Stodghill & Sons Mining, LLC [**Doc. 77**] be **GRANTED IN PART AND**

---

[5] The new subtotal from Paragraphs 19 to 22 is $1,300,140.39, and 2% of this new subtotal for the maintenance of a surety bond and insurance is $26,002.81, resulting in a new subtotal of $1,326,143.20, and 5.676% of the new revised subtotal to cover relevant sales tax and obligations equals $75,271.89. Thus, $26,002.81 + $75,271.89 + $33,044.31 + $1,000 + $12,068.71 + $7,500 + $6,000 + $13,144.51 = $174,032.23.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v.*

9

**DENIED IN PART**. Specifically, the Court **RECOMMENDS** that Blucor be awarded a total amount of **$1,596,466.71** against Stodghill in addition to post judgment interest.

Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).