UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CAPITALPLUS CONSTRUCTION SERV., LLC, | ) ) ) | 3:19-CV-00471-DCLC-HBG |
| *Plaintiff*, | ) ) ) | |
| vs. | ) ) ) | |
| BLUCOR CONTRACTING, INC. *et al.*, | ) ) ) | |
| *Defendants*. | ) ) ) | |
| BLUCOR CONTRACTING, INC. | ) ) | |
| *Third-Party Plaintiff* | ) ) | |
| vs. | ) ) | |
| STODGHILL & SONS MINING, INC. | ) ) | |
| *Third-Party Defendant.* | ) | |

**ORDER**

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge [Doc. 143]. In the Report and Recommendation, the magistrate judge recommends that Blucor's Motion for Entry of Monetary Judgment against Stodghill & Sons Mining, LLC [Doc. 77] be granted in part and denied in part. Specifically, the magistrate judge found that Blucor Contracting, Inc. was entitled to a judgment in the amount of $1,596,466.71 plus

post-judgment interest.[1] The parties did not file objections to the Report and Recommendation.[2] *See* Fed. R. Civ. P. 72(b).

After thorough consideration of the well-reasoned Report and Recommendation and the record as a whole, the Court finds that the Report and Recommendation properly analyzes the issues presented. For the reasons set out in the Report and Recommendation, which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation [Doc. 143] is **ADOPTED** in full, and in accordance with the Report and Recommendation, Blucor's Motion for Entry of Monetary Judgment against Stodghill & Sons Mining, LLC [Doc. 77] is **GRANTED IN PART** and **DENIED IN PART**. The Court finds Blucor Contracting, Inc. is entitled to a judgment against Stodghill & Sons Mining, LLC in the amount of $1,596,466.71 plus post-judgment interest as permitted by 28 U.S.C. § 1961(a). A separate judgment shall enter.

SO ORDERED:

s/ Clifton L. Corker<br>
United States District Judge

---

[1] The district court has no discretion to deny post-judgment interest, as it is mandatory. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002). Title 28, section 1961(a) further dictates that, "[s]uch interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

[2] Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

2

Case 3:19-cv-00471-DCLC-HBG    Document 144    Filed 12/01/21    Page 2 of 2    PageID #: 1810